UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARCUS YOUNG | CIVIL ACTION |
| VERSUS | NO. 17-225 |
| T. T. BARGE SERVICES MILE 237, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to appeal the Magistrate Judge's order denying his motion to compel.[1] For the following reasons, the Court denies the motion as moot.

## I. BACKGROUND

This case arises out of an accident on Defendant T. T. Barge Services Mile 237, LLC's vessel, the M/V T. T. BARGE MILE 237.[2] Plaintiff Marcus Young alleges that he was employed by defendant aboard the vessel when he suffered serious injuries to his ribs, his back, and other parts of his body.[3]

---

[1] R. Doc. 19.
[2] R. Doc. 1 at 2.
[3] *Id.*

On January 9, 2017, plaintiff filed a seaman's complaint for damages against defendant.[4]

Plaintiff filed a motion to compel disclosure of the personal contact information of witnesses employed by defendant.[5] After a hearing, the Magistrate Judge denied plaintiff's motion but permitted plaintiff to re-urge it at a later date if circumstances warrant.[6] Plaintiff now appeals the Magistrate Judge's decision.[7]

## II. DISCUSSION

The Court finds that plaintiff's motion is moot. Plaintiff originally requested the personal contact information of four employees named in defendant's initial disclosures.[8] Defendant represents that it no longer employs three of those individuals, and provides documentation showing that it has communicated their personal contact information to plaintiff.[9] Plaintiff obtained the personal contact information of the fourth individual through a deposition.[10]

---

[4] *Id.* at 1-5.
[5] R. Doc. 11.
[6] R. Doc. 18.
[7] R. Doc. 19.
[8] R. Doc. 11-1 at 1; R. Doc. 11-3 at 1-2; R. Doc. 11-4 at 3.
[9] R. Doc. 20 at 1-2; R. Doc. 20-1 at 3; R. Doc. 20-2 at 3.
[10] R. Doc. 20 at 2.

Plaintiff argues that his motion is not moot because he also requests the personal contact information of all other employees of defendant likely to have relevant information about this matter.[11] But plaintiff has not established that these unnamed employees are covered by the relevant provision of Federal Rule of Civil Procedure 26. Rule 26 requires a party to provide the contact information of "each individual likely to have discoverable information . . . *that the disclosing party may use to support its claims or defenses.*" Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

The Court has no information to suggest that defendant may rely on these additional unnamed employees. Plaintiff has therefore not shown that defendant is required to produce any contact information for these individuals. *See Vinzant v. United States*, No. 06-10561, 2010 WL 2674609, at *2-3 (E.D. La. 2010) (finding no duty to disclose information for witnesses that government did not anticipate using); 8A Wright & Miller, *Federal Practice and Procedure* § 2053 (3d ed. 2017) (explaining that, under Rule 26(a)(1)(A)(i), "there is no requirement to disclose anything that the disclosing party will not use").

If new information arises warranting further disclosure, the plaintiff may re-urge his motion before the Magistrate Judge.

---

[11] R. Doc. 23 at 1.

## III. CONCLUSION

Accordingly, plaintiff's motion is DENIED.

New Orleans, Louisiana, this __31st__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE