UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARCUS YOUNG | CIVIL ACTION |
| VERSUS | NO. 17-225 |
| T. T. BARGE SERVICES MILE 237, LLC | SECTION "R" (3) |

**ORDER AND REASONS**

Before the Court are cross-motions for summary judgment on the issue of whether plaintiff qualifies as a Jones Act seaman.[1] For the following reasons, the Court finds that plaintiff is not a seaman, denies plaintiff's motion for partial summary judgment, and grants defendant's motion for summary judgment.

**I.   BACKGROUND**

This case arises out of an accident aboard a barge owned by Defendant T.T. Barge Services Mile 237, LLC.[2] Defendant operates a business that cleans barges owned by various other companies.[3] Defendant's customers

---

[1]   R. Doc. 24; R. Doc. 27.
[2]   R. Doc. 1.
[3]   R. Doc. 27-9 at 1 ¶ 1; R. Doc. 29-1 at 1 ¶ 1.

dock their barges at a set of floating work barges owned by defendant.[4] Defendant's work barges are connected to shore through a permanently installed walkway, steel cables, electric lines, hoses, vapor lines, and steam lines.[5] Plaintiff Marcus Young was employed by defendant as a barge cleaner.[6] He stored equipment and performed other work on the work barges, but lived on land and commuted to work every day by car.[7]

On June 15, 2016, plaintiff fell into an open hatch on one of defendant's work barges, the Gas Free Barge, and allegedly suffered injuries.[8] On January 9, 2017, plaintiff filed a seaman's complaint for damages against defendant.[9] Plaintiff now moves for partial summary judgment, and asks the Court to find that he is a seaman entitled to bring a negligence claim under the Jones Act and claims for unseaworthiness and maintenance and cure under general maritime law.[10] Defendant filed a cross-motion for summary judgment asserting that plaintiff is not a seaman.[11]

---

[4]  R. Doc. 27-2 at 29; R. Doc. 27-9 at 6 ¶ 42; R. Doc. 29-1 at 6 ¶ 42.
[5]  R. Doc. 27-9 at 2 ¶¶ 4-10; R. Doc. 29-1 at 1-2 ¶¶ 4-10.
[6]  R. Doc. 27-9 at 5 ¶ 32; R. Doc. 29-1 at 5 ¶ 32.
[7]  R. Doc. 24-1 at 2 ¶¶ 10-11; R. Doc. 30-2 at 2 ¶¶ 10-11; R. Doc. 27-9 at 5 ¶ 33; R. Doc. 29-1 at 5 ¶ 33.
[8]  R. Doc. 24-1 at 1-2 ¶¶ 4-11; R. Doc. 30-2 at 1-2 ¶¶ 4-11.
[9]  R. Doc. 1.
[10] R. Doc. 24.
[11] R. Doc. 27.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Legal Requirements for Seaman Status

"The Jones Act provides a cause of action in negligence for any seaman injured in the course of his employment." *Chandris, Inc. v. Latsis,* 515 U.S. 347, 354 (1995) (internal citation and quotation marks omitted). Although the term "seaman" is not defined in the Jones Act, the Supreme Court has explained that "Congress intended the term to have its established meaning under the general maritime law at the time the Jones Act was enacted." *Id.* at 355. The term seaman is synonymous with "master or member of a crew" under the Longshore and Harbor Workers' Compensation Act. *Id.* at 356-57.

To qualify as a seaman, an employee must show (1) that his duties contributed to the function of a vessel or the accomplishment of its mission; and (2) that he had "a connection to a vessel in navigation (or to an identifiable group of vessels) that is substantial in terms of both its duration and its nature." *Id.* at 368. The purpose of this test is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Id.*

Whether an individual is a seaman is "ordinarily a question of fact for the jury." *Ellender v. Kiva Constr. & Eng'g, Inc.*, 909 F.2d 803, 805 (5th Cir. 1990). But "summary judgment may be appropriate where 'the facts establish the lack of seaman status beyond a question as a matter of law' and no reasonable evidentiary basis exists to support a jury finding that the injured person is a seaman." *Id.* at 805-06 (quoting *Barrett v. Chevron U.S.A., Inc.*, 781 F.2d 1067, 1074 (5th Cir. 1986)); *see also Chandris*, 515 U.S. at 371 (explaining that summary judgment is warranted "where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation").

Plaintiff offers two rationales for his claim to seaman status. First, he argues that he has a substantial connection to defendant's work barges, which he asserts are vessels in navigation.[12] Second, plaintiff contends that he has a substantial connection to an identifiable fleet of vessels owned by one of defendant's customers, Kirby Inland.[13] As explained below, both arguments run contrary to governing law, and thus the Court finds no genuine issue of fact to support plaintiff's claim to seaman status.

---

12  R. Doc. 24-2 at 5.
13  *Id.*

## B. Defendant's Work Barges

Defendant maintains that its work barges form a permanently moored work platform, and are not vessels in navigation.[14] Under the Jones Act and general federal maritime law, a vessel "includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." *Stewart v. Dutra Constr. Co.*, 543 U.S. 481, 489, 491 (2005) (quoting 1 U.S.C. § 3). But the Supreme Court has explained that the term vessel under 1 U.S.C. § 3 does not mean "anything that floats." *Lozman v. City of Riviera Beach*, 568 U.S. 115, 126 (2013). A structure will not qualify as a vessel unless "a reasonable observer, looking to the [structure]'s physical characteristics and activities, would consider it designed to a practical degree for carrying people or things over water." *Id.* at 121. Relevant physical characteristics can include the structure's capacity for self-propulsion, the existence of steering mechanisms, and its capacity to generate or store electricity. *Id.* at 121-22.

A reasonable observer would not consider defendant's work barges to be practically designed for carrying people or things over water. The undisputed facts indicate that the work barges are secured to shore by, among other things, a permanent walkway, steel cables, and electricity

---

[14] R. Doc. 27-1 at 9.

lines.[15] The barges have no independent means of generating electricity and must be moved by tugboat because they have no means of self-propulsion.[16] Further, defendant's president, Mark Toepfer, represents that the work barges are not documented as vessels with the U.S. Coast Guard and are prohibited from moving.[17] The work barges operate according to a Facility Operations Manual approved by the U.S. Coast Guard, which describes the cleaning facility as a set of permanently moored barges hard-wired together.[18] Plaintiff does not specifically contest these facts, and he admits in his deposition that the work barges are essentially a stationary dock for the customer barges.[19]

Toepfer's declaration also states that the work barges do not move in the ordinary course of business and that, since being moored in 2000 and 2005, they have moved only twice and only when they required repair.[20] Although plaintiff asserts that this declaration is self-serving, he offers no evidence to cast doubt on Toepfer's factual representations.[21] Plaintiff

---

[15] R. Doc. 27-2 at 31-36; R. Doc. 27-3 at 3; R. Doc. 27-9 at 2 ¶¶ 4-10; R. Doc. 29-1 at 1-2 ¶¶ 4-10.
[16] R. Doc. 27-9 at 2 ¶¶ 4-10, 3 ¶ 21; R. Doc. 29-1 at 1-2 ¶¶ 4-10, 4 ¶ 21; *see also* R. Doc. 27-2 at 31-36; R. Doc. 27-3 at 3, 8.
[17] R. Doc. 27-3 at 5 ¶ 46.
[18] *Id.* at 5, 10, 13.
[19] R. Doc. 27-2 at 41.
[20] R. Doc. 27-3 at 3-4.
[21] R. Doc. 29-1 at 3.

himself testified that the work barges moved only if they needed repair, and he stated that only one barge was moved for repair during the year and a half that he worked for defendant.[22] Plaintiff cites to facility manager Cory Womack's deposition for the proposition that the barges were capable of movement.[23] But Womack testified that the Gas Free barge is "a moored vessel" that does not move, and that the barge had to be taken to a repair facility to weld a hatch.[24]

The undisputed facts demonstrate that defendant's work barges have been withdrawn from navigation, and constitute a stationary work platform rather than a vessel. Like the house in *Lozman*, the work barges have no means of self-propulsion, cannot generate their own energy, and have been moved only a few times in recent years. *See* 568 U.S. at 121-22. Under similar facts, the Fifth Circuit has repeatedly held that barges are not vessels when they are permanently attached to land, and when any transportation function is incidental to their primary purpose as a non-vessel work platform. *See Daniel v. Ergon, Inc.*, 892 F.2d 403, 407 (5th Cir. 1990); *Ducrepont v. Baton Rouge Marine Enter., Inc.*, 877 F.2d 393, 394-95 (5th

---

[22] R. Doc. 27-2 at 20-22.
[23] R. Doc. 24-2 at 2.
[24] R. Doc. 24-3 at 15-16.

9

Cir. 1989); *Waguespack v. Aetna Life & Cas. Co.*, 795 F.3d 523, 526-27 (5th Cir. 1986).

Plaintiff's reliance on the Supreme Court's decision in *Stewart*, 543 U.S. 481, is misplaced. The dredge at issue in *Stewart* had a captain and crew, navigational lights, limited means of self-propulsion, and it moved once every couple of hours. *Id.* at 484-85. The *Stewart* court specifically distinguished the dredge, which "carried machinery, equipment, and crew over water," from nonvessels that are permanently moored and attached to land by water and electricity lines. *Id.* at 492-93; *see also Lozman*, 568 U.S. at 125 (explaining that the dredge in *Stewart* was regularly used to transport workers and equipment over water, and thus qualified as a vessel). In contrast to the *Stewart* dredge, the uncontested facts indicate that the work barges were moved only infrequently for repairs, and any transportation function was incidental to their main purpose of serving as a work platform and dock for customer barges. *See Ducrepont,* 877 F.2d at 395.

Plaintiffs argue that the work barges are vessels because they were not originally constructed to be used as a work platform.[25] But the Supreme Court has explained that "[a] craft whose physical characteristics and activities objectively evidence a waterborne transportation purpose or

---

[25] R. Doc. 24-2 at 7.

function may still be rendered a nonvessel by later physical alterations," such as if the owner "connect[s] it permanently to the land" to serve a nonvessel purpose. *Lozman*, 568 U.S. at 129. The Fifth Circuit has specifically held that a barge ceases to become a vessel if it is transformed into a stationary work platform, even if it was originally a navigable barge. *See Ducrepont*, 877 F.2d at 394-96; *see also Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 570 (5th Cir. 1995) (explaining that original construction as a work platform is not a prerequisite to being considered a nonvessel under the Jones Act).

Accordingly, the Court finds that defendant's work barges are not vessels in navigation. Plaintiff cannot rely on his relationship with these work barges to claim status as a seaman.

### C. Kirby Inland Barges

In the alternative, plaintiff argues that he is a seaman because he has a substantial connection to an identifiable fleet of vessels owned by Kirby Inland, one of defendant's customers.[26] Plaintiff testified that he spent about thirty percent of his time working on Kirby Inland's barges.[27] But plaintiff acknowledged in his deposition that he did not work exclusively on Kirby

---

26   R. Doc. 24-2 at 9-13.
27   R. Doc. 27-2 at 8.

11

Inland's barges, and instead worked on whatever barge happened to be at defendant's facility and was assigned to him by his supervisor.[28] Plaintiff explained that, when work was done on one customer's barge, he would help clean another barge, which might belong to a different company.[29] The parties agree that the length of time it took to clean a barge varied between one barge per day and four or five barges per day.[30]

The undisputed facts show that plaintiff was a "transitory maritime worker, only doing work on those vessels when required, as opposed to a member of a crew assigned to that fleet of vessels." *Daniel*, 892 F.2d at 408 (internal citation omitted); *see also Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560 (1997) (explaining that "discrete engagements" and a "transitory or sporadic connection to a vessel or group of vessels . . . does not qualify one for seaman status"); *Fazio v. Lykes Bro. S.S. Co., Inc.*, 567 F.2d 301, 304 (5th Cir. 1978) (noting that "[p]laintiff's contention that he is assigned to a particular group of vessels" is "tantamount to a longshoreman stating that he is assigned to load and unload all the ships that enter the port of New Orleans and, therefore, he, too, is assigned to a particular group of vessels").

---

[28] *Id.* at 7.
[29] *Id.*
[30] R. Doc. 27-9 at 6 ¶ 40; R. Doc. 29-1 at 6 ¶ 40.

In *Daniel v. Ergon*, the Fifth Circuit held that a plaintiff who cleaned and stripped barges generally operated by the same company was not a seaman because there was little regularity to his work on board that fleet of vessels, he serviced barges other than those owned by the fleet, and on any given day he could work on several barges in the fleet or none. 892 F.2d at 408. This case presents nearly identical factual circumstances. Plaintiff asserts that *Daniel* is distinguishable because it was decided after trial rather than on summary judgment.[31] But the Fifth Circuit in that case *reversed* the jury verdict in favor of the plaintiff, finding that he did not qualify as a seaman as a matter of law because of the transitory nature of his work on the vessels. *Id.* at 409. Other Fifth Circuit decisions have similarly concluded that a worker who lives on land and is temporarily assigned to service different vessels on a random or as-needed basis lacks the requisite attachment to a fleet to qualify as a seaman. *See Waguespack*, 795 F.2d at 526; *White v. Valley Line Co.*, 736 F.2d 304, 306 (5th Cir. 1984); *Fazio v. Lykes Bro. S.S. Co., Inc.*, 567 F.2d 301 (5th Cir. 1978); *see also Schultz v. La. Dock Co.*, 94 F. Supp. 2d 746, 750 (E.D. La. 2000).

As the Supreme Court has emphasized, "the Jones Act was intended to protect sea-based maritime workers, who owe their allegiance to a vessel,

---

[31] R. Doc. 29 at 5.

and not land-based employees, who do not." *Chandris*, 515 U.S. at 377. Although plaintiff may have frequently cleaned Kirby Inland barges, the undisputed facts indicate that he worked on whatever barges he was assigned by his supervisor, and he owed no particular allegiance to Kirby Inland. Plaintiff has offered no evidence to suggest that he could be considered a member of the crew of Kirby Inland's vessels. The Fifth Circuit's decisions in *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927 (5th Cir. 2014), and *In re Endeavor Marine, Inc.*, 234 F.3d 287 (5th Cir. 2000), are inapposite because those cases involved plaintiffs who were permanently assigned either to a single vessel or to their employer's fleet. *See Naquin*, 744 F.3d at 930 (noting that the plaintiff's primary responsibility was the maintenance and repair of his employer's fleet of vessels); *In re Endeavor Marine*, 234 F.3d at 288, 291 (explaining that plaintiff was assigned to a particular vessel and spent almost all of his time working on that vessel).

Because the Court finds that plaintiff lacks a substantial connection to a vessel or an identifiable fleet of vessels, it need not determine whether plaintiff's work contributed to the function of the barges. Plaintiff is not a seaman, and defendant is entitled summary judgment. Because plaintiff's claims for negligence, unseaworthiness, and maintenance and cure are

premised on his status as a seaman, his complaint must be dismissed. *See Martin v. Fab-Con, Inc.*, 7 F. Supp. 3d 645, 651 (E.D. La. 2014).

## IV. CONCLUSION

Accordingly, defendant's motion for summary judgment is GRANTED. Plaintiff's motion for partial summary judgment is DENIED. Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this __5th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE